# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| BRIAN T. STEPP, | : Case No. 1:21-cv-658 |
| Petitioner, | : |
| vs. | : Judge Matthew W. McFarland |
| | : Magistrate Judge Karen L. Litkovitz |
| WARDEN, RICHLAND CORRECTIONAL INSTITUTION, | : |
| Respondent. | : |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Brian T. Stepp ("Stepp"), a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  This matter has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22–05.  This matter is before this Court for consideration of Stepp's Petition, Doc. 1, his memorandum in support and supplement, Docs. 1-1, 1-2; Respondent's Return of Writ, Doc. 14; the state court records, Docs. 13, 13-1–13-5, and 23-1; Stepp's Reply, Doc. 18; Stepp's motion for leave to supplement his reply to Respondent's Return of Writ (the "Motion to Supplement"), Doc. 19; Respondent's memorandum in opposition to the Motion to Supplement (the "Opposition"), Doc. 20; and Stepp's motion for leave to file a reply (the "Motion for Leave to Reply"), ECF No. 21. Also, before the Court are two additional motions filed by Stepp: a motion titled "Motion for Assistance to Gain Access to Evidence Being Withheld" (the "Discovery Motion") Doc. 24, and a motion to appoint counsel (the "Motion for Counsel"), Doc. 27.

For the reasons that follow, this Court finds that the Petition is second or successive under § 2244(b)(2)(B), and **RECOMMENDS** the Petition be **TRANSFERRED** to the Court of

Appeals for the Sixth Circuit for consideration of this issue and that the matter

be **TERMINATED** on this Court's docket.  In light of the recommendation that the Petition be

transferred and the action be terminated, the Court **ORDERS** that the Discovery Motion and

Motion for Counsel, Docs. 24 and 27, be **DENIED without prejudice**.

## I.    <u>Factual Background</u>

The following factual background leading to Stepp's conviction was set forth by the Ohio

Court of Appeals[1] as follows:

> In late 2003, C.T. was working as a prostitute in the city of Hamilton, in Butler
> County, Ohio.  One night in November of that year, she was standing near the
> intersection of Lincoln Street and Dixie Highway when a man in a red car pulled
> up to her and offered her a ride.  C.T. got into the man's car, believing he was going
> to be a "customer."
>
> Immediately after she did, the man started driving very fast down Lincoln Street
> and towards Route 4, onto which he turned north.  C.T. began to get nervous after
> the man refused to tell her what "services" he wanted her to perform for him.  When
> she again asked him what he wanted, the man pulled out a badge and told her she
> was under arrest for prostitution.  He ordered her to put on her seatbelt, to lock her
> door, and not to think about running, because he had a gun, and he was "allowed to
> shoot her" and even "kill" her, and "nobody will think twice about it."
>
> The man drove C.T. to the parking lot of a "police station" in Liberty Township
> and told her she could do him a "favor" or he could have her arrested.  When C.T.
> refused to do him a favor, the man drove out of the police station's parking lot and
> then to a corn field, where he ordered her to get out the car and to get undressed.
> He then forced her to perform oral sex on him.
>
> Afterwards, the man told C.T. stories about different scenarios he allegedly had
> encountered as a police officer.  He then ordered her to get dressed, handcuffed her,
> and placed her back in his car.  When he tried to frisk C.T., she tried to escape.  He
> eventually overpowered her by kicking her and punching her in the head.  He then
> drove out of the corn field and over to a small house.

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence."  Because Stepp has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct.  *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

At the house, the man led C.T. to a bathroom and ordered her to take a shower. When he left the room, C.T. tried to escape by climbing out the bathroom window; however, when the man saw what she was doing, he grabbed her hair, pulled her back inside the bathroom, slapped her, and threatened her. He then stayed until she got into the shower. After C.T. finished showering, the man made her come into the living room, where he forced her to have intercourse with him. After telling her more fictitious stories about his experiences as a police officer, he ordered C.T. to get dressed and then drove her to a convenience store near Cincinnati Dayton Road, where he dropped her off.

H.K. was another prostitute who worked in Hamilton at this time. On an early evening in late December 2003 or early January 2004, H.K. was standing in the area of North 7th Street when a man in a red car pulled up to her and offered her a ride. After H.K. got into the car, the man told her someone named "Jewel" told him she (H.K.) was a "snitch," and "a drug dealer had hired him to beat [her] up." At that point, H.K. believed that the man was threatening her life.

As the man drove H.K. into the city of Fairfield and onto Bobmeyer Road, he told her he was a police officer and showed her a badge. He also showed her a knife he had with him and told her he was going to hurt her because he had been hired to do so. The man drove to the end of a lane off Bobmeyer Road, back by a small house or church, and parked there. He then forced H.K. to perform oral sex on him.

. . .

J.G. was another prostitute who worked in Hamilton at the time of these events. One afternoon in November 2003, she was standing in the area of Sycamore and Ludlow Streets when she saw a red car that "kept circling." When the car finally pulled over, J.G. got in.

Shortly thereafter, the man who was driving the car told J.G. he was a police officer. When she asked him to stop the car and let her out, the man refused to let her leave. He drove her to Tylersville Road, turned onto a dirt road, and then drove to a corn field where he parked. The man went to the passenger side of the vehicle, pressed his forearm against J.G.'s neck, pulled her pants down, and raped her.

. . .

C.T., H.K., and J.G. did not immediately report these crimes to the police. However, on February 12, 2004, H.K. finally told the police what had happened to her on the night she was raped when she was being questioned by them on an unrelated matter. She gave the police the license plate number of the red car that was driven by the man who sexually assaulted her. The police tracked the license plate number to Brian Stepp. Detective Ken Hardin showed H.K. a photo array of suspects that contained Stepp's photograph and asked her to identify the man who raped her. It took H.K. only "a few seconds" to pick out Stepp's photograph.

3

> Within the next five days, the police also interviewed C.T. and J.G., who told the police what Stepp had done to them in November 2003. When Detective Hardin showed C.T. and J.G. a photo array that contained Stepp's photograph, both of them picked out Stepp's photograph and identified him as the man who had raped them.

Doc. 13 (Ex. 77)[2] at PageID 674–76 (citing *State v. Stepp*, 12th Dist. Butler No. CA2007-05-117, 2008-Ohio-4305, ¶¶ 2–8, 10–11, 13–14) (at Doc. 23-1 (Ex. 9) at PageID 1868–70).

## II.   Procedural History

### A.  State Trial Proceeding

In April 2004, the Butler County, Ohio grand jury returned a ten-count indictment charging Stepp with three counts of kidnapping, three counts of rape, three counts of impersonating a peace officer, and one count of sexual battery. Doc. 23-1 (Ex. 1) at PageID 1544–45. On February 7, 2007, following a jury trial, Stepp was found guilty of three counts of kidnapping, three counts of rape, and one count of sexual battery.[3] Doc. 23-1 (Ex. 2) at PageID 1547–48. On April 20, 2007, a judgment was entered by the trial court sentencing Stepp to a total aggregate prison term of 55 years, consisting of consecutive terms of ten years each on three counts of rape, five years on the single sexual battery count, and ten, seven, and three years on three kidnapping Counts (the "Judgment of Conviction and Sentence"). *Id.* (Ex. 4) at PageID 1584–86; (Ex. 39A) at PageID 2556.

---

[2] When citing to the state court record, in addition to citing to the docket entry, this Court shall also reference the exhibit number given to the document by the Respondent for ease of reference.

[3] On June 30, 2005, Stepp filed a motion to dismiss the three counts of impersonation of a peace officer, Doc. 23-1 (Ex. 3) at PageID 1550–52, which were dismissed before his trial, *see* Doc. 13 (Ex. 77) at PageID 673–74.

4

### B.  Direct Appeal

Stepp, through different counsel, filed a direct appeal to the Ohio Court of Appeals for the Twelfth District on May 8, 2007, challenging the Judgment of Conviction and Sentence.  *Id.* (Ex. 5) at PageID 1588.  In his brief in support, Stepp raised the following eight assignments of error:

1. The pretrial photographic identification procedure was so unnecessarily suggestive and conducive to misidentification that Mr. Stepp was denied the due process of law.

2. The state violated Mr. Stepp's due process rights when it destroyed favorable evidence that was material to the issue of guilt.

3. Trial counsel provided constitutionally ineffective assistance of counsel when he failed to raise evidence that clearly fell within the rape shield law in [a] pretrial motion.  The trial court violated Stepp's right to confrontation when it excluded relevant impeachment evidence.

4. The trial court violated Brian Stepp's rights to due process and a fair trial when it entered a judgment of conviction for rape, kidnapping, and sexual battery against the manifest weight of the evidence.

5. Mr. Stepp's due process rights were violated when the trial court instructed the jury on flight in violation of Mr. Stepp's rights.

6. Mr. Stepp's due process rights were violated when the trial court refused to allow him to read, rebut and/or explain evidence from victim impact statements and then relied on them when determining his sentence.

7. Trial counsel provided constitutionally ineffective assistance of counsel for failing to object to the trial court's imposition of maximum and consecutive sentences.

8. The trial court erred in sentencing Mr. Stepp to serve consecutive prison terms.

*Id.* (Ex. 6) at PageID 1601–31.  On August 25, 2008, the state appellate court affirmed the Judgment of Conviction and Sentence.  *Id.* (Ex. 9) at PageID 1866.

On October 9, 2008, Stepp, via the same direct appellate counsel, appealed the state appellate court's decision to the Ohio Supreme Court.  *Id.* (Ex. 10) at PageID 1887–89.  On

February 4, 2009, the Ohio Supreme Court declined jurisdiction over Stepp's appeal.  *Id.* (Ex. 13) at PageID 1930.

### C.  First Federal Habeas Corpus Petition

On May 3, 2010, Stepp, with the assistance of new counsel, filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, Case No. 1:10-CV-282 (the "First Federal Habeas Petition"), attacking the Judgment of Conviction and Sentence and raising the following single ground for relief:

> Trial counsel provided constitutionally ineffective assistance of counsel when he failed to timely notify the trial court of his intent to offer evidence covered by Ohio's Rape Shield statute.  Counsel's failure to perform in an objectively reasonable manner caused actual prejudice.  Had Mr. Stepp been permitted to confront his accuser, [C.T.], she would have been discredited as a witness, and Mr. Stepp would not have been convicted of the crimes that she alleged.

*Id.* (Ex. 14) at PageID 1947.

On August 5, 2011, the Magistrate Judge recommended the First Federal Habeas Petition be dismissed with prejudice.  *Id.* (Ex. 17) at PageID 2334–52.  Stepp objected to the recommendation, *id.* (Ex. 18) at PageID 2354–65, after which the Magistrate Judge filed a supplemental recommendation again recommending dismissal with prejudice, *id.* (Ex. 19) at PageID 2367–71, to which Stepp again objected, *id.* (Ex. 20) at PageID 2372–81.  The Magistrate Judge then issued a second supplemental report and recommendation making no substantive findings, *id.* (Ex. 21) at PageID 2381–86, to which Stepp filed a non-substantive objection to the Magistrate Judge's exercise of jurisdiction over the matter, *id.* (Ex. 22) at PageID 2388–95.   On November 14, 2011, the District Court overruled Stepp's objections and denied the First Federal Habeas Petition.  *Id.* (Ex. 23) at PageID 2398–2414.  Stepp did not appeal.

### D.  Motion to Resentence

While the First Federal Habeas Petition was pending, on May 28, 2010, Stepp filed a *pro se* motion to resentence in the state trial court, pursuant to Ohio Rev. Code § 2929.191(A)(1).  *Id.* (Ex. 24) at PageID 2416–19.  Stepp argued that he was not properly notified of the length of post-release control and the consequences of violating it.  *Id.* at PageID 2417–18.  On August 6, 2010, the state trial court entered a *nunc pro tunc* judgment of conviction entry in response to Stepp's motion (the "*Nunc pro tunc* Judgment"), adding additional terms regarding Stepp's post-conviction release but otherwise leaving the terms of the Judgment of Conviction and Sentence unaltered.  *Id.* (Ex. 25) at PageID 2421–23.

### E.  Motion to Vacate Sentence

On May 14, 2013, Stepp, proceeding *pro se*, filed a motion to vacate his sentence, arguing the issuance of consecutive sentences was improper under Ohio law.  *Id.* (Ex. 26) at PageID 2425– 28.  On November 5, 2013, the trial court denied Stepp's motion, determining the motion was a petition for post-conviction relief and was therefore untimely and barred by the doctrine of *res judicata* because the issue could have been raised on direct appeal.  *Id.* (Ex. 28) at PageID 2437.

Stepp filed a notice of appeal to the state appellate court on December 5, 2013, *id.* (Ex. 29) at PageID 2440, raising the following single assignment of error in his merit brief:

> The trial court erred when it refused to vacate his void sentence, and conduct a *de novo* re-sentencing hearing, pursuant to the Revised Code 2929.14(E)(4), Sixth Amendment to the U.S. Constitution, and Ohio Constitution Article 1 § 5 and Article 1 § 10.

*Id.* (Ex. 30) at PageID 2445–49.

The Ohio Court of Appeals issued a "Judgment Entry" overruling Stepp's assignment of error, finding that the trial court properly construed Stepp's motion as a motion for

postconviction relief, that the trial court was without jurisdiction to consider the petition because it was untimely, and that the petition was barred from review under the doctrine of *res judicata*. *Id.* (Ex. 32) at PageID 2463–64.

Stepp appealed to the Ohio Supreme Court on March 16, 2015, raising the following proposition of law:

> The trial court erred when it refused to vacate his void sentence, and conduct a *de novo* re-sentencing hearing, pursuant to the Revised Code 2929.14(E)(4), Sixth Amendment to the U.S. Constitution, and Ohio Constitution Article 1 § 5 and Article 1 § 10.

*Id.* (Ex. 33) at PageID 2466–67.  On June 24, 2015, the Ohio Supreme Court declined to accept jurisdiction over the appeal.  *Id.* (Ex. 34) at PageID 2476.

### F.  Second Federal Habeas Corpus Petition

On February 2, 2016, Stepp, proceeding *pro se*, filed a second federal habeas corpus action (the "Second Federal Habeas Petition"), raising the following single ground for relief:

> **GROUND ONE**: The trial court erred when it refused to vacate his void sentence, and conduct a *de novo* re-sentencing hearing, pursuant to the Revised Code 2929.14(E)(4), Sixth Amendment to the U.S. Constitution, and Ohio Constitution Article 1 § 5 and Article 1 § 10.
>
> **Supporting Facts:**  The trial court's improper consecutive sentencing, contrary to statute, violated Petitioner's rights under the U.S. Constitution.

*Id.* (Ex. 35) at PageID 2478–86.

On May 3, 2018, the Magistrate Judge recommended the Second Federal Habeas Petition be dismissed with prejudice.  *Id.* (Ex. 38) at PageID 2527–38.  No objections to the recommendation were filed.  *Id.* (Ex. 39) at PageID 2541.  On May 29, 2018, the District Court adopted the Magistrate Judge's recommendations and dismissed the Second Federal Habeas Petition.  *Id.* at PageID 2541–42.  Stepp did not appeal.

### G. Motion to Correct Illegal Sentence

On October 12, 2016, while the Second Federal Habeas Petition was pending, Stepp filed a *pro se* Motion to Correct an Illegal Sentence, arguing his sentence exceeded Ohio's statutorily defined penalties and was illegal under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006). Doc. 13 (Ex. 40) at PageID 25–27. On November 8, 2016, the trial court denied Stepp's motion, determining it was untimely, was barred by the doctrine of *res judicata*, and that Stepp failed to establish an exception which would allow review. *Id.* (Ex. 43) at PageID 95. Stepp filed a motion for reconsideration on November 10, 2016, *id.* (Ex. 52) at PageID 290, which was summarily denied, *id.* (Ex. 53) at PageID 314.

Stepp filed a *pro se* notice of appeal to the Ohio Court of Appeals on December 6, 2016, *id.* (Ex. 44) at PageID 97, raising the following single assignment of error in his merit brief: "the trial court committed error overruling [his] motion to correct an illegal sentence" erroneously imposing his sentence by engaging in factfinding prohibited by the Ohio Supreme in *State v. Foster* which "severed Ohio Revised Code §2929.14(E)(4)," *id.* (Ex. 45) at PageID 105. On May 1, 2017, the Ohio Appellate Court affirmed, finding that the trial court properly construed Stepp's motion as an untimely petition for postconviction relief, and that Stepp failed to demonstrate any elements allowing consideration of an untimely petition. *Id.* (Ex. 48) at PageID 197–98. On May 30, 2017, Stepp appealed to the Ohio Supreme Court, *id.* (Ex. 49) at PageID 200–12, arguing the following in his memorandum in support of jurisdiction:

> A trial court cannot recast a motion to correct an illegal sentence challenging a void sentence into a late postconviction petition when the defendant was sentenced under an unauthorized statute.

*Id.* (Ex. 49) at PageID 210. On September 27, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *Id.* (Ex. 51) at PageID 288.

### H. Motions to Certify Conflict and for Reconsideration

On May 12, 2017, Stepp moved to certify a conflict. *Id.* (Ex. 63) at PageID 514 (referencing the motion to certify filed by Stepp on May 12, 2017). On May 15, 2017, Stepp also moved for reconsideration of the appellate court's May 1, 2017, decision. *Id.* (Ex. 60) at PageID 502. On June 14, 2017, after reviewing the state's memoranda in opposition, the Court of Appeals denied both motions. *Id.* (Ex. 63) at PageID 514.

### I. Motion for Order of Relief

On February 7, 2017, also while his Second Federal Habeas Petition and motion to correct illegal sentence were pending, Stepp filed a "motion for order or relief" with the Ohio Supreme Court. Stepp sought an order vacating his sentence and holding a resentencing hearing before the trial court pursuant to Ohio Supreme Court Practice Rule 4.01, *State v. Foster*, 2006-Ohio-856, *State v. Hodge*, 2010-Ohio-6320, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the Sixth Amendment of the United States Constitution. *Id.* (Ex. 55) at PageID 396–401. The motion was summarily denied by the Ohio Supreme Court on April 19, 2017. *Id.* (Ex. 56) at PageID 476.

### J. Motion to Vacate Appellate Decision

On April 20, 2018, Stepp, through counsel, moved to vacate the 2008 decision of the Ohio Court of Appeals on his direct appeal, arguing that it was based on the original Judgment of Conviction and Sentence, which he argued was a void judgment as the trial court failed to properly notify Stepp of post release control. *Id.* (Ex. 58) at PageID 480–85. On June 12, 2018, after reviewing the state's motion to dismiss and Stepp's response, the Court of Appeals denied Stepp's motion, explaining that "[t]here is no procedural motion for an appellant to file a motion

10

requesting that a court of appeals vacate a previous decision," and that under Ohio law, an appellate court had jurisdiction to review a void judgment. *Id.* (Ex. 59) at PageID 500.

### K.  Second Motion to Correct an Illegal Sentence

On May 24, 2019, Stepp, *pro se*, filed a motion to correct an illegal sentence in the trial court. *Id.* (Ex. 64) at PageID 519–22.  On June 14, 2019, the trial court recast the motion as a post-conviction petition, finding it untimely and barred by the doctrine of *res judicata*. *Id.* (Ex. 65) at PageID 532–33.

### L.  The Delayed Motions for New Trial Based on Newly Discovered Evidence

In August of 2019, Stepp, proceeding *pro se*, moved the trial court for leave to file a delayed motion for new trial based on newly discovered evidence, *id.* (Ex. 66) at PageID 535–42, which he withdrew a few weeks later, *id.* (Ex. 67) at PageID 552.   On November 18, 2019, Stepp, again proceeding *pro se*, filed a new motion for leave to file a delayed motion for new trial pursuant to Ohio Criminal Rule 33(B), *id.* (Ex. 70) at PageID 581–83, and a delayed motion for new trial based on newly discovered evidence (collectively the "Motion for New Trial"), *id.* (Ex. 68) at PageID 555, as well as an affidavit in support, *id.* (Ex. 69) at Page ID 558–66.  Stepp alleged he was entitled to a new trial under Ohio Criminal Rule 33(B) and *Brady v. Maryland*, 373 U.S. 83 (1963), as he had been unavoidably prevented from discovering evidence, which he submitted was the subject of false testimony by the lead detective in the case against him, was material to his case, and would have resulted in a more favorable outcome at trial.  *Id.* (Ex. 69) at PageID 559–66.  On February 18, 2020, Stepp amended his Motion for New Trial to include a new claim under *Napue v. Illinois*, 360 U.S. 264 (1959), alleging that the newly discovered evidence established that the prosecution knowingly presented the false testimony of the

detective at his trial, which for the same reasons he asserted under *Brady*, also entitled him to a new trial  *Id.* (Ex. 71) at PageID 586–87.

The trial court denied Stepp's Motion for New Trial, *id.* (Ex. 72) at PageID 589–605, which Stepp appealed, alleging the following ground:

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN VIOLATION OF THE SIXTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN IT DENIED APPELLANT LEAVE TO FILE HIS NEW TRIAL MOTION.

*Id.* (Ex. 74) at PageID 633.

The appellate court affirmed the trial court's denial of the Motion for New Trial on December 28, 2020.  *Id.* (Ex. 77) at PageID 672–85.

On February 3, 2021, Stepp, via counsel, sought review by the Ohio Supreme Court, *id.* (Ex. 78) at PageID 687–88, setting forth the following arguments in support of jurisdiction:

> I. WHEN DENIAL OF A MOTION FOR LEAVE TO FILE A DELAYED NEW TRIAL MOTION IS AFFIRMED BASED ON EVIDENCE OUTSIDE THE RECORD, AND A DETERMINATION THAT THE FACTS THAT WERE INTENTIONALLY WITHHELD COULD HAVE BEEN DISCOVERED SOONER, APPELLANT IS DENIED CONFRONTATION, DUE PROCESS AND JURY TRIAL RIGHTS UNDER THE SIXTH, FIFTH, AND FOURTEENTH AMENDMENTS.
>
> . . . .
>
> II. WHEN APPELLATE COUNSEL FAILS TO INFORM APPELLANT OF POTENTIAL POST CONVICTION ISSUES IN THE CASE AND THE MANDATORY PROCEDURES INVOLVED WITH SUCH PLEADINGS, APPELLANT IS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

*Id.* (Ex. 79), PageID 696, 700.  The State filed a response.  *Id.* (Ex. 80) at PageID 722–36.  The Ohio Supreme Court declined to accept jurisdiction on March 30, 2021.  *Id.* (Ex. 81) at PageID 739.

### M.  The Instant Federal Habeas Corpus Petition

On June 7, 2021, Stepp filed his third federal habeas corpus action in this Court (the "Petition"), Doc. 1, memorandum in support, Doc. 1-1, and supplement, Doc. 1-2, raising the following grounds for relief:

> **GROUND 1:** PETITIONER WAS DENIED HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS WHEN THE APPELLATE COURT RELIED ON WITNESS STATEMENTS THAT WERE NEVER SUBJECTED TO CROSS EXAMINATION; WERE WITHHELD BY THE STATE; AND WERE THE SUBJECT OF PERJURED TESTIMONY BY THE LEAD DETECTIVE INVESTIGATING THE CASE.
>
> **GROUND 2:** WHEN APPELLATE COUNSEL FAILED TO INFORM PETITIONER OF POTENTIAL POST CONVICTION ISSUES IN THE CASE AND THE MANDATORY PROCEDURES INVOLVED IN SUCH PLEADINGS, PETITIONER IS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Doc. 1-1, at PageID 18, 30.  In support of Ground 1, Stepp alleges that Detective Hardin lied under oath about the existence of certain notes and police reports, which identified additional witnesses/victims who gave statements that were similar to the victims at trial but who could not identify Stepp.  In support of Ground 2, Stepp alleges that appellate counsel was ineffective for failing to advise him of his post-conviction remedies so that Stepp could raise claims associated with the existence of additional witnesses/victims and Detective Hardin's misrepresentations at trial concerning them.

Respondent filed a Return of Writ, Doc. 14, and the state court records.  Docs. 13, 13-1–13-5, and 23-1.  Stepp replied, Doc. 18, and then filed his Motion to Supplement.  Doc. 19.  Respondent filed his Opposition, Doc. 20, after which Stepp filed the Motion for Leave to Reply, Doc. 21.  The Motion to Supplement was denied but the parties were notified that the arguments

13

set forth in their briefing on the Motion to Supplement would be considered when considering the substance of the Petition. Doc. 28.

### N. Other Pending Motions

Currently before this Court are Stepp's Discovery Motion, Doc. 24, Respondent's response in opposition, Doc. 25, and Stepp's reply, Doc. 26; and Stepp's Motion for Counsel, Doc. 27.

### III. <u>Standard of Review</u>

"Under the Antiterrorism and Effective Death Penalty Act ('AEDPA'), 'a state prisoner always gets one chance to bring a federal habeas challenge to his conviction.'" *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023) (quoting *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020)). "But after that, the road gets rockier." *Id*. "For petitions filed after the first one – 'second or successive' petitions in the language of the statute – applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

This District Court lacks jurisdiction to consider a "second or successive" petition filed without authorization and must transfer such a petition to the Sixth Circuit Court of Appeals for

consideration.  *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631.  The Sixth Circuit may authorize the district court to consider a successive petition only if petitioner makes the prima facie showing required in the statute.  28 U.S.C. § 2244(b)(3)(C).  The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance.  *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

Not all federal habeas petitions filed after the first petition require transfer as second or successive.  A federal habeas petition filed second in time is not second or successive: (1) when a second in time petition raising a claim challenges a new state-court *judgment*, (2) when a second in time petition contains a *claim* that would have been "unripe at the time of the filing of the first petition," or (3) when a second in time petition contains a *claim* that, though raised in the first petition, was unexhausted at the time the first petition was filed and not decided on the merits.  *In re Hill*, 81 F.4th at 568–69 (emphasis added) (cleaned up).  The Sixth Circuit also provided definitions for both judgments[4] and claims,[5] explaining that distinguishing between them is necessary for determining the applicability of Section 2244(b) as "the Supreme Court and AEDPA have differentiated between claims and judgments for purposes of 'second or successive' petitions."  *Magwood*, 561 U.S. at 332 (citation omitted).  Finally, the *In re Hill* Court described the steps for determining whether a petition filed second in time (or later) is second or successive:

---

[4] A judgment is defined as "the legal mechanism 'authorizing the prisoner's confinement,' i.e., typically conviction or sentencing."  *In re Hill*, 81 F.4th 560, 568–69 (6th Cir. 2023) (citing *Magwood*, 561 U.S. at 332 (citation omitted); *see* 28 U.S.C. § 2254 (explaining that "a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the *judgment* of a State court" (emphasis added))).

[5] A claim is defined as a legal challenge to a judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (explaining that "a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction").

So first, we ask, is the second petition challenging a new judgment or an old judgment? *See Magwood*, 561 U.S. at 330-33, 130 S.Ct. 2788; *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019); *In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016); *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). If it's a new judgment, then the petition is not "second or successive," and we turn to the merits of the petition. *See King*, 807 F.3d at 157. If it's the old judgment that the petitioner challenged in his first petition, we next ask, is the claim presented an old claim or a new claim? *See In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018). If it's an old claim—that is, one that was presented in the first petition—then it's a "second or successive" petition that must be dismissed under § 2244(b)(1). If it's a new claim, we ask whether it was either unripe or ruled unexhausted at the time of the first habeas filing. If so, then the petition isn't "second or successive." *See id.* at 627. If not, under the guidance we have from the Supreme Court, the petition is "second or successive," and the claim must meet the gatekeeping provisions under § 2244(b)(2)(B) to survive.

*In re Hill*, 81 F.4th at 569. The Sixth Circuit summarized the process as follows: "When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'" *Id.* (citing *In re Coley*, 871 F.3d 455, 457-58 (6th Cir. 2017)).

## IV.    Discussion and Analysis

Stepp sets forth the following two grounds in his Petition: (1) that the state appellate court's affirmance of the trial court's denial of his Motion for New Trial violated his rights under the Fifth, Sixth, and Fourteenth Amendment of the Constitution, and (2) that he was denied effective assistance of counsel[6] in violation of the Sixth and Fourteenth Amendments of the Constitution. Doc. 1-1 at PageID 18, 30. Prior to presenting his substantive arguments regarding the merits of his claims, Stepp presents a brief argument that the instant Petition should

---

[6] Stepp clarified that his Ground Two claim addresses his direct appellate counsel's ineffective assistance. Doc. 18 at PageID 1505.

not be considered "second or successive" under 28 U.S.C. § 2244, and this Court should

therefore proceed with its substantive review, even though he filed two prior federal habeas

petitions in 2010 and 2016.  Doc. 1-1 at PageID 19–20.  Stepp argues the instant Petition does

not fall under the purview of Section 2244(b) as second or successive because: (1) the instant

Petition challenges the December 28, 2020, denial of the Motion for New Trial by the Ohio

Court of Appeals for the Twelfth Appellate District, which he argues is a "new judgment" not

challenged in either of his prior federal habeas petitions, and (2) his Petition asserts claims whose

factual predicates arose after the filing of the original Petition—namely, the discovery of the new

evidence in 2019.  *Id.*  Respondent did not address the second or successive issue.  *See* Doc. 14.

### A.  The State Appellate Court's Order Affirming the Denial of the Motion for New Trial is Not a New Judgment.

Utilizing the Sixth Circuit's roadmap for analyzing a federal habeas petition filed later in

time than the first, this Court begins with determining whether the Petition challenges a "new" or

an "old" judgment.  As previously noted, if the judgment challenged in the Petition is a "new

judgment," then the Petition is not second or successive, and this Court may proceed with a

review of the Petition's merits.  *In re Hill*, 81 F.4th at 570.

Here, Stepp lists two grounds in his Petition, both resulting from the denial of his Motion

for New Trial by the state courts—an order which he contends is a new judgment.  Doc. 1-1 at

PageID 19.  Stepp's Motion for New Trial was based on newly discovered evidence consisting of

the names and written statements of several individuals contained in the notes of the lead

detective on Stepp's case made prior to trial (the "New Evidence").  These individuals appeared

to have information regarding Stepp's case and were never disclosed to Stepp.  Doc. 13 (Ex. 72)

at PageID 599–600.  Stepp contended that the New Evidence was material and exculpatory and

constituted impeachment evidence as the same detective whose notes were found to contain the

17

New Evidence provided false testimony at Stepp's trial about the New Evidence's existence and contents. Stepp asserted that the detective falsely testified that the New Evidence did not exist in written form, that he did not know the names of the other individuals he interviewed, that he had not kept any record of their identities or the contents of their statements, and that the only "record" of their statements that existed were his own personal recollections of them. *See Id.* (Ex. 69) at PageID 559–66, (Ex. 71) at PageID 586–87. Ultimately, in support of his Motion for New Trial before the state trial court, Stepp argued that under Ohio Criminal Rule 33(B), he was entitled to a new trial based on his contention that the New Evidence was material and exculpatory; he had been unavoidably prevented from discovering it due to the detective's false testimony that it did not exist; and the New Evidence would favorably change the results if a new trial were held. Doc. 13 (Ex. 68) at PageID 555, (Ex. 69) at PageID 558–66, (Ex. 70) at PageID 581–83, (Ex. 71) at PageID 586–87.

Despite Stepp's attempt to classify the order denying his Motion for New Trial as a new judgment, such orders are typically not construed as new judgments for purposes of Section 2244(b)(2)(B). *In re Hill*, 81 F.4th at 570-71. This is so because "a motion for new trial attacks the original judgment. And a ruling on that motion doesn't create a new judgment—it's just another order." *Id.* at 570 (citing *In re Stansell*, 828 F.3d at 417 ("explaining that 'new judgments' means 'new sentences' or 'new convictions'")). The denial of Stepp's Motion for New Trial did not result in a new sentence or new conviction. Therefore, the order denying Stepp's Motion for New Trial is not a new judgment; it is simply a denial of Stepp's attack on his existing conviction and sentence.[7]

---

[7] The Court notes that while the first Judgment of Conviction and Sentence was entered in April of 2007, in August of 2010, the trial court entered the *Nunc pro tunc* Judgment after Stepp filed a motion to resentence alleging he was not properly notified of the length of post-release control and the consequences of violating it in the original Judgment

### B.  The Claims in the Petition are New.

As the instant Petition challenges an old judgment, the Court considers whether the Petition's claims are new, which requires comparing the claims in the instant Petition to the claims made in Stepp's earlier federal petitions.  *See Foster v. Warden*, No. 2:23-cv-3519, 2023 WL 8372811, at *4 (S.D. Ohio, Dec. 14, 2023) (describing this step of review as reviewing claims in prior petitions to ensure the claims "were not explicitly presented" previously).  In the sole ground of the First Federal Habeas Petition, filed May 3, 2010, Stepp attacked his conviction and sentence arguing ineffective assistance of *trial* counsel.  Doc. 23-1 (Ex. 14) at PageID 1947.  In his Second Federal Habeas Petition, filed June 7, 2021, Stepp attacked the terms of his sentence in the *Nunc Pro Tunc* Judgment.  He argued that because the original Judgment of Conviction and Sentence was void under Ohio law and the United States Constitution, so was the *Nunc Pro Tunc* Judgment, requiring the trial court to conduct a *de novo* resentencing hearing.  Doc. 23-1 (Ex. 35) at PageID 2478–86.  In the current Petition, the Grounds for Relief include ineffective assistance of *appellate* counsel and due process claims

---

of Conviction and Sentence.  Doc. 23-1 (Ex. 25) at PageID 2421–23.  The August 2010 *Nunc pro tunc* Judgment did not change any of the terms of his conviction including the counts on which he was found guilty or the length of his sentence for each count.  Instead, the Nunc pro tunc Judgement added the following to the terms of his post-release:

> **If the Defendant violates the conditions of supervision while under post release control, the Parole Board can return Defendant for up to nine months for each violation for up to a maximum of one half of Defendant's original sentence for a total of twenty-seven years and 6 months and even though Defendant has already served the entire stated prison term by this Court.  If the violation is a new felony, Defendant could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the new offense.**

Doc. 23-1 (Ex. 25) at PageID 2422.

Assuming the August 2010 *Nunc pro tunc* Judgment amounted to a "new, worse-than-before sentence," *see Crangle v. Kelly*, 838 F.3d 673, 678-80 (6th Cir. 2016) (explaining that additional post-release control terms can, in some circumstances, result in a new judgment), Stepp's Second Federal Habeas Petition, which was filed in 2016, would not trigger the "second or successive" petition limits of 28 U.S.C. § 2244(b).  In any event, to the extent the Motion for New Trial can be construed as challenging the 2010 *Nunc pro tunc* Judgment, the order denying the motion still did not result in a new conviction or new sentence and was therefore not a new judgment.

arising from the New Evidence. Doc. 1-2 at PageID 39–44. As neither the ineffective assistance of appellate counsel claim nor the due process claim in the instant Petition was presented in the prior petitions, both claims are new for purposes of § 2244(b).

### C. The Claims in the Petition were Ripe and were not Found to be Unexhausted at the Time Petitioner filed his previous federal habeas petitions.

The Court must next determine if the new claims fall outside of the scope of 2244(b) because they were found to be unexhausted or were unripe at the time the prior petitions were filed. *In re Hill*, 81 F.4th at 569. For the reasons set forth below, the Court finds they were not.

Neither claim was previously found to be unexhausted, and Respondent does not assert an exhaustion defense. As such, exhaustion provides no basis for this Court to proceed with substantive review.

With respect to ripeness, the Court first considers Ground One where Stepp argues that the denial of his Motion for New Trial based on the New Evidence resulted in a denial of due process. Doc. 1-1 at PageID 18–30; Doc. 18 at PageID 1494–1503. While Stepp's discovery of the New Evidence was more recent, the factual predicates underlying his Ground One claim— the allegedly false testimony by the detective at Stepp's trial and the New Evidence itself created prior to Stepp's trial—"had already occurred when he filed his [First and Second] petition[s]." *In re Hill*, 81 F.4th at 571 (citing *In re Wogenstahl*, 902 F.3d 621, 625–28 (6th Cir. 2018)). In other words, any claims based on the New Evidence became ripe at the time the allegedly inaccurate testimony was given at Stepp's 2007 trial or the New Evidence was created. *Id.* (a petitioner cannot "bypass the gatekeeping provisions of § 2244(b)(2) simply by presenting new evidence for a new *Brady* claim") (citing *In re Wogenstahl*, 902 F.3d at 628). Therefore, Stepp's Ground One claim based on such testimony and documents was not unripe when Stepp filed his prior federal habeas petitions, even though Stepp did not discover the New Evidence

20

until much later. *See In re Wogenstahl*, 902 F.3d at 627-28 (petitioner's "claims were not unripe at the time he filed his initial petition because the purported *Brady* violations and defense counsel's alleged ineffectiveness—the predicates underlying Wogenstahl's current claims—had already occurred when he filed his petition, although Wogenstahl was unaware of these facts") (citing *In re Jones*, 652 F.3d 603, 604-05 (6th Cir. 2010)). The New Evidence underlying Ground One cannot be used to show the instant Petition is not second or successive.[8]

Stepp's Ground Two claim also arises from the detective's allegedly false testimony at Stepp's trial based on the undisclosed individuals with information potentially relevant to Stepp's case. In this claim, Stepp alleges that his counsel on direct appeal should have recognized from the detective's trial testimony the existence of additional individuals with potentially relevant information, and that any evidence contradicting the detective's testimony would exist only outside of the record. Doc. 1-1 at PageID 32–33. Stepp alleges that appellate counsel failed to inform him of the procedural and timing requirements for expanding the record, thereby inhibiting Stepp's ability to file a timely motion for a new trial. *Id.* It appears from prior arguments made to the state courts that Stepp believes his appellate counsel was required to provide him with this information by the conclusion of the direct appeal and his failure to do so constitutes ineffective assistance of counsel. *See* Doc. 13 (Ex. 79) at PageID 699–701. *Cf. Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) (holding that appellate counsel's failure to advise the petitioner of the time limits for filing a petition for post-conviction relief under O.R.C. § 2953.21 may constitute cause for the procedural default of a claim of ineffective assistance of

---

[8] The Court notes that while "[a]ny new evidence undermining the government's trial testimony could go toward meeting the gatekeeping provisions under § 2244(b)(2)(B)," that same evidence cannot be used to show the claim was not second or successive. *See In re Hill*, 81 F.4th at 571 (citing *In re Wogenstahl*, 902 F.3d at 628).

trial counsel). Such a position does not assist Stepp in avoiding transfer of his Petition as second or successive under the ripeness doctrine.

As explained above, a claim is unripe when the facts relied on by the petitioner did not exist at the time the previous habeas petitions were filed. *In re Hill*, 81 F.4th at 572. Here, to determine when Stepp's ineffective assistance of appellate counsel claim became ripe, the focus must be on when any alleged duty to notify Stepp of the procedural and timing requirements for obtaining evidence outside of the record began.

"Ohio law contains a statutory deadline for collateral relief, which requires petitioners to file a motion for post-conviction relief within one year of the filing of transcripts in the petitioner's direct appeal." *White v. Warden, Ross Correctional Institution*, 940 F.3d 270, 275 (6th Cir. 2019) (citing Ohio Rev. Code § 2953.21(A)(2)). Stepp appears to argue that the "factual predicate" of his Ground Two claim is his appellate counsel's failure to apprise him of Ohio's procedural rules relating to supplementation of the trial court record with evidence outside the record.[9] Such a claim became ripe within one year of the filing of trial transcripts in his direct appeal, which took place in October 2007, *see* Doc. 23-1 (Ex. 39A) at PageID 2557, rendering his Ground Two claim ripe in October 2008, shortly after the Ohio Court of Appeals issued its decision,[10] and well before his previous habeas petitions were filed. As the factual predicate of Stepp's ineffective assistance of counsel claim became ripe prior to the filing of his

---

[9] Stepp does not specifically reference this argument in the briefing supporting his Petition. However, in support of his motion seeking review of the denial of his Motion for New Trial filed with the Ohio Supreme Court, Stepp argued that Ohio law limits a reviewing court to the record of the proceedings at trial. Because evidence outside the record was critical for meaningful review in his case, Stepp contends appellate counsel had a duty to explain the procedure and timing for expanding the trial court record. Stepp argues that counsel's failure in this regard constitutes the ineffective assistance of appellate counsel. Doc. 13 (Ex. 79) at PageID 700-701.

[10] "Appellate counsel's duties do not terminate the moment the court of appeals hands down its decision." *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 479 (2000)). For purposes of determining whether Stepp's Ground Two claim renders his Petition second or successive, the Court assumes, without deciding, that appellate counsel's duty extended beyond the entry date of the Ohio Court of Appeals' decision.

First and Second Federal Habeas Petitions, the instant Petition is second or successive and must meet the gatekeeping provisions of § 2244(b)(2)(B).

## **RECOMMENDATION**

The Undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the Sixth Circuit as the Petition is "second or successive" under 28 U.S.C. § 2244(b) and this matter be **TERMINATED** on this Court's docket.

## **NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## **<u>ORDER</u>**

In light of the Court's recommendation that the Petition be transferred and the action be terminated, Stepp's motion titled "Motion for Assistance to Gain Access to Evidence Being Withheld," Doc. 24, and Stepp's motion to appoint counsel, Doc. 27, are **DENIED without prejudice**.

March 22, 2024

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE